IN THE CIRCUIT COURT OF THE 18TH JUDICIAL
CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

TOMMIE GRIFFIN,

       Plaintiff,

v.

AMAZON.COM SERVICES LLC,
HIBOY GROUP INC,
and HIBOY LIMITED,

       Defendants.

_____/

## COMPLAINT

Plaintiff, TOMMIE GRIFFIN, by and through undersigned counsel, sues Defendants, AMAZON.COM SERVICES, LLC, HIBOY GROUP INC, and HIBOY LIMITED, and alleges as follows:

### General Allegations

1.      That this is an action in excess of $50,000.00 exclusive interest and costs, and within the jurisdiction of this Court.

2.      That at all material times to this Complaint, Plaintiff, TOMMIE GRIFFIN, was a citizen and resident of Brevard County, Florida.

3.      That at all times material hereto, Defendant, AMAZON.COM SERVICES, LLC, was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Seattle, Washington.

4.      Defendant, AMAZON.COM SERVICES, LLC, is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business

venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5.      That at all times material hereto, Defendant, HIBOY GROUP INC, was and is a corporation incorporated under the laws of California, with its principal place of business in Ontario, California.

6.      Defendant, HIBOY GROUP INC, is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

7.      That at all times material hereto, Defendant, HIBOY LIMITED, was and is a corporation incorporated under the laws of California, with its principal place of business in Ontario, California.

8.      Defendant, HIBOY LIMITED, is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

9.      Defendants are subject to the jurisdiction in the State of Florida and therefore venue is proper in Brevard County, Florida.

10.     On or about October 28, 2020, Plaintiff, TOMMIE GRIFFIN, purchased a Hiboy MAX Electric Scooter ("Electric Scooter").

11.     Upon information and belief, at all relevant times, Defendant, AMAZON.COM SERVICES, LLC, is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Electric Scooter.

12.     Upon information and belief, at all relevant times, Defendant, HIBOY GROUP INC, is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Electric Scooter.

13.     Upon information and belief, at all relevant times, Defendant, HIBOY LIMITED, is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Electric Scooter.

14.     Upon information and belief, at all relevant times, Defendants, AMAZON.COM SERVICES, LLC, HIBOY GROUP INC, and/or HIBOY LIMITED, tested and inspected the Electric Scooter in order to ensure that it was free from defects and safe for consumer use.

15.     The Electric Scooter is a sustainable and eco-friendly method of urban transportation.

16.     On or about November 13, 2021, Plaintiff was using the Electric Scooter and followed instructions enclosed with the Electric Scooter.

17.     While riding the Electric Scooter, the handlebar and steering column suddenly and without warning collapsed, causing Plaintiff to lose control of the scooter.

18.     The Electric Scooter had not been misused and had not been modified post-sale before it failed.

19.     As a direct and proximate result of the Electric Scooter's handlebar and steering column collapsing, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation,

loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**COUNT I – PRODUCTS/STRICT LIABILITY AGAINST
AMAZON.COM SERVICES, LLC**

20.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

21.   At all relevant times, Defendant, AMAZON.COM SERVICES, LLC, was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Electric Scooters and did design, manufacture, inspect, test, distribute, sell and/or market the Electric Scooter giving rise to the subject Complaint.

22.   The Electric Scooter failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

23.   The Electric Scooter had not been misused post-sale before it failed.

24.   The Electric Scooter was within its anticipated useful life when it failed.

25.   The Electric Scooter failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

26.   Specifically, the Electric Scooter was unreasonably dangerous and/or defective in that:

a.   it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.   a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

27.   That unreasonably dangerous condition and/or defect proximately caused injury

including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

28.    Therefore, Defendant, AMAZON.COM SERVICES, LLC, is liable to Plaintiff for the aforementioned injuries caused by the defective Electric Scooter.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, AMAZON.COM SERVICES, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II – NEGLIGENCE AGAINST AMAZON.COM SERVICES, LLC

29.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

30.    Defendant, AMAZON.COM SERVICES, LLC, owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Electric Scooter, and/or to adequately warn of dangers presented by the product's design.

31.    Defendant, AMAZON.COM SERVICES, LLC, knew, or in the existence of ordinary care, should have known, that the Electric Scooter was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

32.    Alternatively, Defendant, AMAZON.COM SERVICES, LLC, knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Electric Scooter such that the type of incident and resulting injuries and damages as described herein would have been prevented.

33.    Alternatively, Defendant, AMAZON.COM SERVICES, LLC, had actual or

constructive knowledge of the means of designing a Electric Scooter that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant, AMAZON.COM SERVICES, LLC, failed to adequately design, equip and/or manufacture the Electric Scooter.

34. Alternatively, Defendant, AMAZON.COM SERVICES, LLC, negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

35. Alternatively, Defendant, AMAZON.COM SERVICES, LLC, failed to prudently design, manufacture, test, inspect, market and/or sell the Electric Scooter, and/or failed to include a reasonable and safer alternative to the subject defective condition.

36. As a direct and proximate result of Defendant, AMAZON.COM SERVICES, LLC's, negligence, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, AMAZON.COM SERVICES, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT III – BREACH OF EXPRESS WARRANTY AGAINST AMAZON.COM SERVICES, LLC

37. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

38. Defendant, AMAZON.COM SERVICES, LLC, designed, manufactured, assembled, distributed, inspected, tested and/or sold the Electric Scooter.

39.     Defendant, AMAZON.COM SERVICES, LLC, expressly warranted that the Electric Scooter was safe for ordinary use when used in compliance with the instructions provided.

40.     Defendant, AMAZON.COM SERVICES, LLC's, affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Electric Scooter.

41.     The Electric Scooter did not conform to Defendant, AMAZON.COM SERVICES, LLC's, affirmations regarding safety.

42.     As a direct and proximate result of Defendant, AMAZON.COM SERVICES, LLC's, breach of express warranties, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

        **WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, AMAZON.COM SERVICES, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST AMAZON.COM SERVICES, LLC

43.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

44.     Defendant, AMAZON.COM SERVICES, LLC, at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Electric Scooter.

45.     Defendant, AMAZON.COM SERVICES, LLC, impliedly warranted that the Electric Scooter was merchantable, fit for the ordinary purpose for which it was sold or used, was

of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Electric Scooter's safety features and overall safe condition.

46. Defendant, AMAZON.COM SERVICES, LLC, breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the Electric Scooter, the Electric Scooter was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

47. As a direct and proximate result of Defendant, AMAZON.COM SERVICES, LLC's, breach of the implied warranty of merchantability, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, AMAZON.COM SERVICES, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST AMAZON.COM SERVICES, LLC

48. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

49. Defendant, AMAZON.COM SERVICES, LLC, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Electric Scooter.

50. In selling the Electric Scooter to Plaintiff, Defendant, AMAZON.COM SERVICES, LLC, through its agents, servants, employees, and apparent agents, acting within the

scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Electric Scooter to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

51.    Defendant, AMAZON.COM SERVICES, LLC, breached its implied warranty of fitness for a particular purpose, as the Electric Scooter did not conform to Defendant, AMAZON.COM SERVICES, LLC's, affirmations regarding its product being fit for such particular purpose. The Electric Scooter's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

52.    As a direct and proximate result of Defendant, AMAZON.COM SERVICES, LLC's, breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, AMAZON.COM SERVICES, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VI – FAILURE TO WARN AGAINST AMAZON.COM SERVICES, LLC

53.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

54.    Defendant, AMAZON.COM SERVICES, LLC, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Electric Scooter.

55.    On or about November 13, 2021, Plaintiff used the Electric Scooter in the manner intended and/or foreseeably intended, when the Electric Scooter failed and/or otherwise caused injury to Plaintiff.

56.    Upon information and belief, the Electric Scooter was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

57.    Defendant, AMAZON.COM SERVICES, LLC, knew or should have known of the dangerous nature of the Electric Scooter by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Electric Scooter.

58.    Defendant, AMAZON.COM SERVICES, LLC, had a duty to provide reasonable warning of the danger involved in the use of the Electric Scooter and failed to provide the public, including Plaintiff, notice of the danger involved.

59.    As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, AMAZON.COM SERVICES, LLC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

as this Court may deem appropriate.

## <u>COUNT VII – PRODUCTS/STRICT LIABILITY AGAINST HIBOY GROUP INC</u>

60.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

61.    At all relevant times, Defendant, HIBOY GROUP INC, was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Electric Scooters and did design, manufacture, inspect, test, distribute, sell and/or market the Electric Scooter giving rise to the subject Complaint.

62.    The Electric Scooter failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

63.    The Electric Scooter had not been misused post-sale before it failed.

64.    The Electric Scooter was within its anticipated useful life when it failed.

65.    The Electric Scooter failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

66.    Specifically, the Electric Scooter was unreasonably dangerous and/or defective in that:

    a.    it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

    b.    a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

67.    That unreasonably dangerous condition and/or defect proximately caused injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

68.    Therefore, Defendant, HIBOY GROUP INC, is liable to Plaintiff for the aforementioned injuries caused by the defective Electric Scooter.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY GROUP INC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VIII – NEGLIGENCE AGAINST HIBOY GROUP INC

69.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

70.    Defendant, HIBOY GROUP INC, owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Electric Scooter, and/or to adequately warn of dangers presented by the product's design.

71.    Defendant, HIBOY GROUP INC, knew, or in the existence of ordinary care, should have known, that the Electric Scooter was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

72.    Alternatively, Defendant, HIBOY GROUP INC, knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Electric Scooter such that the type of incident and resulting injuries and damages as described herein would have been prevented.

73.    Alternatively, Defendant, HIBOY GROUP INC, had actual or constructive knowledge of the means of designing a Electric Scooter that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant, HIBOY GROUP INC, failed to adequately design, equip and/or manufacture the Electric Scooter.

74.    Alternatively, Defendant, HIBOY GROUP INC, negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

75.    Alternatively, Defendant, HIBOY GROUP INC, failed to prudently design, manufacture, test, inspect, market and/or sell the Electric Scooter, and/or failed to include a reasonable and safer alternative to the subject defective condition.

76.    As a direct and proximate result of Defendant, HIBOY GROUP INC's, negligence, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY GROUP INC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## <u>COUNT IX – BREACH OF EXPRESS WARRANTY AGAINST HIBOY GROUP INC</u>

77.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

78.    Defendant, HIBOY GROUP INC, designed, manufactured, assembled, distributed, inspected, tested and/or sold the Electric Scooter.

79.    Defendant, HIBOY GROUP INC, expressly warranted that the Electric Scooter was safe for ordinary use when used in compliance with the instructions provided.

80.    Defendant, HIBOY GROUP INC's, affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased

and/or used the Electric Scooter.

81.    The Electric Scooter did not conform to Defendant, HIBOY GROUP INC's, affirmations regarding safety.

82.    As a direct and proximate result of Defendant, HIBOY GROUP INC's, breach of express warranties, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY GROUP INC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT X – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST HIBOY GROUP INC

83.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

84.    Defendant, HIBOY GROUP INC, at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Electric Scooter.

85.    Defendant, HIBOY GROUP INC, impliedly warranted that the Electric Scooter was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Electric Scooter's safety features and overall safe condition.

86.    Defendant, HIBOY GROUP INC, breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the

safety features and overall safe condition of the Electric Scooter, the Electric Scooter was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

87.   As a direct and proximate result of Defendant, HIBOY GROUP INC's, breach of the implied warranty of merchantability, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY GROUP INC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XI – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST HIBOY GROUP INC

88.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

89.   Defendant, HIBOY GROUP INC, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Electric Scooter.

90.   In selling the Electric Scooter to Plaintiff, Defendant, HIBOY GROUP INC, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Electric Scooter to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant impliedly warranted that the product would be fit for such particular purpose.

91.    Defendant, HIBOY GROUP INC, breached its implied warranty of fitness for a particular purpose, as the Electric Scooter did not conform to Defendant, HIBOY GROUP INC's, affirmations regarding its product being fit for such particular purpose. The Electric Scooter's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

92.    As a direct and proximate result of Defendant, HIBOY GROUP INC's, breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY GROUP INC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XII – FAILURE TO WARN AGAINST HIBOY GROUP INC

93.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

94.    Defendant, HIBOY GROUP INC, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Electric Scooter.

95.    On or about November 13, 2021, Plaintiff used the Electric Scooter in the manner intended and/or foreseeably intended, when the Electric Scooter failed and/or otherwise caused injury to Plaintiff.

96.    Upon information and belief, the Electric Scooter was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or

instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

97.    Defendant, HIBOY GROUP INC, knew or should have known of the dangerous nature of the Electric Scooter by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Electric Scooter.

98.    Defendant, HIBOY GROUP INC, had a duty to provide reasonable warning of the danger involved in the use of the Electric Scooter and failed to provide the public, including Plaintiff, notice of the danger involved.

99.    As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY GROUP INC, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## <u>COUNT XIII – PRODUCTS/STRICT LIABILITY AGAINST HIBOY LIMITED</u>

100.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

101.    At all relevant times, Defendant, HIBOY LIMITED, was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Electric Scooters and did design, manufacture, inspect, test, distribute, sell and/or market the Electric Scooter giving rise to the subject Complaint.

102.    The Electric Scooter failed to perform in a manner reasonably expected in light of

its nature and intended function when it failed and caused severe injuries.

103.   The Electric Scooter had not been misused post-sale before it failed.

104.   The Electric Scooter was within its anticipated useful life when it failed.

105.   The Electric Scooter failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

106.   Specifically, the Electric Scooter was unreasonably dangerous and/or defective in that:

a.      it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.      a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

107.   That unreasonably dangerous condition and/or defect proximately caused injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

108.   Therefore, Defendant, HIBOY LIMITED, is liable to Plaintiff for the aforementioned injuries caused by the defective Electric Scooter.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY LIMITED, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XVI – NEGLIGENCE AGAINST HIBOY LIMITED

109.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

110.    Defendant, HIBOY LIMITED, owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Electric Scooter, and/or to adequately warn of dangers presented by the product's design.

111.    Defendant, HIBOY LIMITED, knew, or in the existence of ordinary care, should have known, that the Electric Scooter was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

112.    Alternatively, Defendant, HIBOY LIMITED, knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Electric Scooter such that the type of incident and resulting injuries and damages as described herein would have been prevented.

113.    Alternatively, Defendant, HIBOY LIMITED, had actual or constructive knowledge of the means of designing a Electric Scooter that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant, HIBOY LIMITED, failed to adequately design, equip and/or manufacture the Electric Scooter.

114.    Alternatively, Defendant, HIBOY LIMITED, negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

115.    Alternatively, Defendant, HIBOY LIMITED, failed to prudently design, manufacture, test, inspect, market and/or sell the Electric Scooter, and/or failed to include a reasonable and safer alternative to the subject defective condition.

116.    As a direct and proximate result of Defendant, HIBOY LIMITED's, negligence, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain

and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY LIMITED, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XV – BREACH OF EXPRESS WARRANTY AGAINST HIBOY LIMITED

117.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

118.   Defendant, HIBOY LIMITED, designed, manufactured, assembled, distributed, inspected, tested and/or sold the Electric Scooter.

119.   Defendant, HIBOY LIMITED, expressly warranted that the Electric Scooter was safe for ordinary use when used in compliance with the instructions provided.

120.   Defendant, HIBOY LIMITED's, affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Electric Scooter.

121.   The Electric Scooter did not conform to Defendant, HIBOY LIMITED's, affirmations regarding safety.

122.   As a direct and proximate result of Defendant, HIBOY LIMITED's, breach of express warranties, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer

the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY LIMITED, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XVI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST HIBOY LIMITED

123. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

124. Defendant, HIBOY LIMITED, at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Electric Scooter.

125. Defendant, HIBOY LIMITED, impliedly warranted that the Electric Scooter was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Electric Scooter's safety features and overall safe condition.

126. Defendant, HIBOY LIMITED, breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the Electric Scooter, the Electric Scooter was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

127. As a direct and proximate result of Defendant, HIBOY LIMITED's, breach of the implied warranty of merchantability, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature,

and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY LIMITED, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XVII – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST HIBOY LIMITED

128.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

129.   Defendant, HIBOY LIMITED, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Electric Scooter.

130.   In selling the Electric Scooter to Plaintiff, Defendant, HIBOY LIMITED, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Electric Scooter to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant impliedly warranted that the product would be fit for such particular purpose.

131.   Defendant, HIBOY LIMITED, breached its implied warranty of fitness for a particular purpose, as the Electric Scooter did not conform to Defendant, HIBOY LIMITED's, affirmations regarding its product being fit for such particular purpose. The Electric Scooter's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

132.   As a direct and proximate result of Defendant, HIBOY LIMITED's, breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental

anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY LIMITED, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XVIII – FAILURE TO WARN AGAINST HIBOY LIMITED

133.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-16 as if fully set forth herein.

134.    Defendant, HIBOY LIMITED, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Electric Scooter.

135.    On or about November 13, 2021, Plaintiff used the Electric Scooter in the manner intended and/or foreseeably intended, when the Electric Scooter failed and/or otherwise caused injury to Plaintiff.

136.    Upon information and belief, the Electric Scooter was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

137.    Defendant, HIBOY LIMITED, knew or should have known of the dangerous nature of the Electric Scooter by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Electric Scooter.

138.    Defendant, HIBOY LIMITED, had a duty to provide reasonable warning of the danger involved in the use of the Electric Scooter and failed to provide the public, including Plaintiff, notice of the danger involved.

139.    As a direct and proximate result of the foregoing, Plaintiff suffered injury including severely painful and disfiguring scars, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, TOMMIE GRIFFIN, demands judgment against Defendant, HIBOY LIMITED, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Florida Rules of Civil Procedure 1.430, Plaintiff demands a jury trial for all issues so triable.

Signed on 08/19/2024.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone:    954-659-1605 x 223
Facsimile:    954-659-1380
Email:          lshalom@victimaid.com

By:*/s/ Loren Shalom, Esq.*
   LOREN SHALOM, ESQ.
   Florida Bar No. 1049841
   JASON TURCHIN, ESQ.
   Florida Bar No. 585300